UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Stanley Shaw<br>788 Dwelly St<br>Fall River, MA 02724<br><br>Plaintiff<br><br>vs.<br><br>Christopher Joe Williams<br>1406 West Virginia Ave<br>Dunbar, WV 25064<br><br>And<br><br>First Carrier Inc. d/b/a F1rst Carrier Inc.<br>1471 Meadowsedge Ln.<br>Carpentersville, IL 60110<br><br>And<br><br>PACCAR Inc.<br>777 106th Avenue N.E.<br>Bellevue, WA 98004<br><br>And<br><br>Paccar Leasing Corporation<br>9620 South 76th Ave.<br>Hickory Hills, IL 60457<br>Defendants | Civil Action # _____<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

## **PARTIES**

1. Plaintiff, Stanley Shaw, is a resident of the Commonwealth of Massachusetts, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Christopher Joe Williams, is a resident of the State of West Virginia, residing at the address listed in the caption of this Complaint.

3. Upon information and belief, Defendant, First Carrier Inc. d/b/a F1rst Carrier Inc., is a resident of the State of Illinois, residing at the address listed in the caption of this Complaint.

4. Upon information and belief, Defendant, PACCAR Inc., is a resident of the State of Washington, residing at the address listed in the caption of this Complaint.

5. Upon information and belief, Defendant, Paccar Leasing Corporation, is a resident of the State of Illinois, residing at the address listed in the caption of this Complaint.

## JURISDICTION

6. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff, Stanley Shaw, is a citizen of Massachusetts and the Defendant, Christopher Joe Williams, is a citizen of West Virginia, the Defendant, First Carrier Inc. d/b/a F1rst Carrier Inc., is a business entity registered to do business in Illinois, the Defendant, PACCAR Inc. is a business entity registered to do business in Washington, and the Defendant, Paccar Leasing Corporation is a business entity registered to do business in Illinois and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

7. The Court has jurisdiction over this claim against the Defendants, for money damages pursuant to 28 U.S.C. § 1332.

## FACTS

8. On or about January 14, 2020, at approximately 10:20 a.m., Plaintiff, was the operator of a motor vehicle, which was traveling on I-93 S on exit 3, in Milton, MA.

9. At or about the same date and time, Defendant, Christopher Joe Williams, was the operator of a motor vehicle, which was owned by Defendant, First Carrier Inc. d/b/a F1rst Carrier Inc., PACCAR Inc., and Paccar Leasing Corporation, which was traveling at or near the aforesaid intersection and/or location of Plaintiff's vehicle.

10. At about the same date and time, Defendants' vehicle was involved in a motor vehicle collision with Plaintiff's vehicle.

11. At all times relevant hereto, upon information and belief, Defendant, Christopher Joe Williams, was operating the aforementioned Defendant, First Carrier Inc. d/b/a F1rst Carrier Inc., PACCAR Inc., and Paccar Leasing Corporation's motor vehicle as defendant's agent, servant and/or employee acting in the scope of their agency.

12. The aforesaid motor vehicle collision was caused by the Defendant, Christopher Joe Williams negligently and/or carelessly, operating his vehicle in such a manner so as to rear-end Plaintiff's vehicle.

13. As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of the Defendants, Plaintiff has sustained serious permanent personal injuries and damages.

14. As a result of the incident, Plaintiff suffered severe and permanent injuries, including injuries to the back, neck, arm, and leg, as set forth more fully below.

## COUNT I
### Stanley Shaw v. Christopher Joe Williams
### Negligence

15. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

16. The negligence and/or carelessness of Defendant, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consists of, but is not limited to:

   a. Rear-ending Plaintiff's vehicle;
   b. Operating his vehicle into Plaintiff's lane of travel;
   c. Failing to maintain proper distance between vehicles;
   d. Operating said vehicle without regard for the rights or safety of Plaintiff or others;
   e. Failing to have said vehicle under proper and adequate control;
   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;
   g. Failure to keep a proper lookout;
   h. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;
   i. Being inattentive to his duties as an operator of a motor vehicle;
   j. Disregarding traffic lanes, patterns, and other devices;
   k. Driving at a high rate of speed which was high and dangerous for conditions;
   l. Failing to remain continually alert while operating said vehicle;
   m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;
   n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;
   o. Failing to exercise ordinary care to avoid a rear-end collision;

    p. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

    q. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

    r. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    s. Driving too fast for conditions;

    t. Violating the Massachusetts Vehicle Code;

    u. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts, pertaining to the operation and control of motor vehicles

17. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, including injuries to the back, neck, arm, and leg, all to Plaintiff's great loss and detriment.

18. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

19. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

20. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, all to Plaintiff's great loss and detriment.

21. As a further result of the injuries sustained, plaintiffs have, are presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

WHEREFORE, Plaintiff, Stanley Shaw, demands judgment in Plaintiff's favor and against Defendant, Christopher Joe Williams, plus interest and costs and such other and further relief as this Court deems meet and just.

## COUNT II
### Stanley Shaw v. First Carrier Inc. d/b/a F1rst Carrier Inc.
### Negligent Entrustment

22. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

23. The negligence and/or carelessness of Defendant, First Carrier Inc. d/b/a F1rst Carrier, Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting Defendant, Christopher Joe Williams, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

   b. Permitting Christopher Joe Williams, to operate the motor vehicle when Defendant, First Carrier Inc. d/b/a F1rst Carrier, Inc., knew, or in the exercise

        of due care and diligence, should have known that Defendant, Christopher Joe Williams, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, First Carrier Inc. d/b/a F1rst Carrier, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Christopher Joe Williams' negligent operation of the motor vehicle.

24. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries, including injuries to the back, neck, arm, and leg, all to Plaintiff's great loss and detriment.

25. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

26. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

27. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to his personal property, all to Plaintiff's great loss and detriment.

28. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

WHEREFORE, Plaintiff, Stanley Shaw, demands judgment in Plaintiff's favor and against Defendant, First Carrier Inc. d/b/a F1rst Carrier, Inc., plus interest and costs and such other and further relief as this Court deems meet and just.

### COUNT III
**Stanley Shaw v. First Carrier Inc. d/b/a F1rst Carrier, Inc.**
**Respondeat Superior**

29. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

30. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consist of, but is not limited to:

   a. Rear-ending Plaintiff's vehicle;

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle without regard for the rights or safety of Plaintiff or others;

   e. Failing to have said vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Failure to keep a proper lookout;

   h. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

   i. Being inattentive to his duties as an operator of a motor vehicle;

j. Disregarding traffic lanes, patterns, and other devices;

k. Driving at a high rate of speed which was high and dangerous for conditions;

l. Failing to remain continually alert while operating said vehicle;

m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

p. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

q. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

r. Driving too fast for conditions;

s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts, pertaining to the operation and control of motor vehicles;

31. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, including injuries to the back, neck, arm, and leg, all to Plaintiff's great loss and detriment.

32. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

33. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

34. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, all to Plaintiff's great loss and detriment.

35. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

WHEREFORE, Plaintiff, Stanley Shaw, demands judgment in Plaintiff's favor and against Defendants, First Carrier Inc. d/b/a F1rst Carrier Inc., plus interest and costs and such other and further relief as this Court deems meet and just.

### COUNT IV
### Stanley Shaw v. PACCAR Inc.
### Negligent Entrustment

36. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

37. The negligence and/or carelessness of Defendant, PACCAR Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

    a. Permitting Defendant, Christopher Joe Williams, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    b. Permitting Christopher Joe Williams, to operate the motor vehicle when Defendant, PACCAR Inc., knew, or in the exercise of due care and diligence, should have known that Defendant, Christopher Joe Williams, was capable of committing the acts of negligence set forth above;

    c. Failing to warn those persons, including the Plaintiff, that Defendant, PACCAR Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Christopher Joe Williams' negligent operation of the motor vehicle.

38. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries, including injuries to the back, neck, arm, and leg, all to Plaintiff's great loss and detriment.

39. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

40. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

41. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to his personal property, all to Plaintiff's great loss and detriment.

42. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

WHEREFORE, Plaintiff, Stanley Shaw, demands judgment in Plaintiff's favor and against Defendant, PACCAR Inc., plus interest and costs and such other and further relief as this Court deems meet and just.

### COUNT V
### Stanley Shaw v. PACCAR Inc.
### Respondeat Superior

43. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

44. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consist of, but is not limited to:

   a. Rear-ending Plaintiff's vehicle;

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle without regard for the rights or safety of Plaintiff or others;

   e. Failing to have said vehicle under proper and adequate control;

f.  Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g.  Failure to keep a proper lookout;

h.  Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

i.  Being inattentive to his duties as an operator of a motor vehicle;

j.  Disregarding traffic lanes, patterns, and other devices;

k.  Driving at a high rate of speed which was high and dangerous for conditions;

l.  Failing to remain continually alert while operating said vehicle;

m.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

p.  Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

q.  Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

r.  Driving too fast for conditions;

  s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts, pertaining to the operation and control of motor vehicles;

45. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, including injuries to the back, neck, arm, and leg, all to Plaintiff's great loss and detriment.

46. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

47. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

48. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, all to Plaintiff's great loss and detriment.

49. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

  WHEREFORE, Plaintiff, Stanley Shaw, demands judgment in Plaintiff's favor and against Defendant, PACCAR Inc., plus interest and costs and such other and further relief as this Court deems meet and just.

## COUNT VI
### Stanley Shaw v. Paccar Leasing Corporation
### Negligent Entrustment

50. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

51. The negligence and/or carelessness of Defendant, Paccar Leasing Corporation, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

   a. Permitting Defendant, Christopher Joe Williams, to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

   b. Permitting Christopher Joe Williams, to operate the motor vehicle when Defendant, Paccar Leasing Corporation, knew, or in the exercise of due care and diligence, should have known that Defendant, Christopher Joe Williams, was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Paccar Leasing Corporation, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Christopher Joe Williams' negligent operation of the motor vehicle.

52. As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries, including injuries to the back, neck, arm, and leg, all to Plaintiff's great loss and detriment.

53. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

54. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

55. As a direct result of the negligent conduct of the Defendant, Plaintiff suffered damage to his personal property, all to Plaintiff's great loss and detriment.

56. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

WHEREFORE, Plaintiff, Stanley Shaw, demands judgment in Plaintiff's favor and against Defendant, Paccar Leasing Corporation, plus interest and costs and such other and further relief as this Court deems meet and just.

## COUNT VII
### Stanley Shaw v. Paccar Leasing Corporation
### Respondeat Superior

57. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

58. The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the plaintiff consist of, but is not limited to:

   a. Rear-ending Plaintiff's vehicle;

b. Operating his vehicle into Plaintiff's lane of travel;

c. Failing to maintain proper distance between vehicles;

d. Operating said vehicle without regard for the rights or safety of Plaintiff or others;

e. Failing to have said vehicle under proper and adequate control;

f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g. Failure to keep a proper lookout;

h. Failure to apply brakes earlier to stop the vehicle without rear-ending the Plaintiff and/or Plaintiff's vehicle;

i. Being inattentive to his duties as an operator of a motor vehicle;

j. Disregarding traffic lanes, patterns, and other devices;

k. Driving at a high rate of speed which was high and dangerous for conditions;

l. Failing to remain continually alert while operating said vehicle;

m. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

n. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

p. Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

    q. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    r. Driving too fast for conditions;

    s. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Massachusetts, pertaining to the operation and control of motor vehicles;

59. As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries, including injuries to the back, neck, arm, and leg, all to Plaintiff's great loss and detriment.

60. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiffs' great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

61. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

62. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, all to Plaintiff's great loss and detriment.

63. As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

WHEREFORE, Plaintiff, Stanley Shaw, demands judgment in Plaintiff's favor and against Defendant, Paccar Leasing Corporation, plus interest and costs and such other and further relief as this Court deems meet and just.

## **PRAYER FOR RELIEF**

64. Plaintiff, therefore requests a judgment in Plaintiff's favor and against Defendant for compensatory damages and such other relief as this court deems just and proper.

Respectfully submitted,

SIMON & SIMON, P.C.

Dated:

BY: *Carleigh Baldwin, Esquire*
Carleigh Baldwin, Esquire
BBO# 677066

SIMON & SIMON, P.C.
Attorneys for Plaintiff
114 State Street, 4th Floor
Boston, MA 02109
857-233-0559
carleighbaldwin@gosimon.com